Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-016-KKC

PAUL WILLIAM LEWIS                                                                        PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

JOHN D. REES, et al.,                                                                    DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

The Plaintiff, who gives an address in Berea, Kentucky and is proceeding *pro se*, has brought the instant action pursuant to 42 U.S.C. § 1983. He has also filed a Motion to Proceed herein *in forma pauperis*, a Motion which the Court will grant below.

The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In the Court's screening of a *pro se* pleading, the document is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the *pro se* litigant's complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

**CLAIMS**

Plaintiff alleges that he has been wrongly incarcerated for a period of three (3) years, three

(3) months, and seven days, specifically from August 1, 2002 - November 7, 2005, because of the Defendant's actions which amount to wrongful imprisonment, negligence, gross negligence, and violations of his due process rights under the United States Constitution. The Court construes these as claims under State tort law and the federal constitution.

### DEFENDANT

As the Defendant, Plaintiff has named John D. Rees and/or Ladonna Thompson, past and present Commissioners of the Kentucky Department of Corrections ("KDOC"), in both their official and individual capacities.

### RELIEF REQUESTED

Plaintiff seeks damages.

### FACTUAL ALLEGATIONS

Plaintiff's verified Complaint runs some 62 typewritten pages and describes a number of lawsuits which he has filed relating to the events described below. The following is a summary of the allegations only with regard to Lewis' claims herein.

Lewis was convicted of unidentified crimes in 1975 and 1980, for which he was sentenced to 26 years imprisonment. He was paroled at some point. His current allegations center on several events happening to him in Harlan County, Kentucky, in 1989. On June 13, 1989, he was arrested and charged with trafficking in marijuana and the felony of destruction of physical evidence, in Action No. 89-M-841; and a later charge was added, No. 89-M-971. Plaintiff alleges that he was coerced into pleading guilty to both of these charges, and he also states that he tried to attack the validity of the plea. Regardless, allegedly for his wife to go free on a drug charge, on September 5, 1989, Lewis pled guilty to those offenses and forfeited funds seized at the time of his arrest(s).

Meanwhile, on August 8, 1989, Plaintiff was arrested for robbery, Case No. 89-CR-073. Lewis states that he remained in the Harlan County Detention Center awaiting trial on the robbery charge until October. On October 10th and 11th of 1989, Plaintiff was tried to a jury and he was convicted of the robbery. On December 22, 1989, he was sentenced to seventeen (17) years imprisonment. Plaintiff quickly began attacks on all of these 1989 convictions (1989-CR-841, -971, and -073), ultimately proceeding *pro se*, but without success.

While in the Detention Center awaiting the robbery trial, however, Lewis was charged with Attempted Escape, Possession of Dangerous Contraband, and being a Persistent Felony Offender ("PFO") 1st Degree, and all of these charges were entered on the Court's docket under Indictment No. 89-CR-096, for which a trial was scheduled for August 16, 1990. Shortly before that date, on July 27th, Plaintiff purportedly moved, *pro se*, for a competency evaluation on these charges, but it was never scheduled.

Plaintiff states that late in 1990, with only 17 days of jail credit on the 17-year robbery conviction, he was transferred to state prison to serve the remainder of the 26-year sentence for the 1975 and 1980 convictions. However, the Harlan Circuit Court allegedly failed to forward to the KDOC any copy of the 1989 robbery conviction in 89-CR-073; nor was there any record of the 17-year sentence imposed therein; nor was a detainer lodged against him for the still-pending attempted escape and other charges in 89-CR-096.

On February 1, 1992, Plaintiff completed service of the 26-year sentence for the 1975 and 1980 offenses and was, mistakenly, released with only the 17-day jail credit toward the 1989 robbery

3

sentence.[1]  Plaintiff states that he moved to Huntsville, Tennessee, but on March 16, 1992, he was arrested on a fugitive warrant for the escape and other charges in Harlan No. 89-CR-096.  Lewis contends that this is an acknowledgment of the Defendant's mistake in letting him go.  Plaintiff refused to waive his extradition rights, however.  After the Tennessee court granted 2 continuances for the Kentucky authorities to come establish probable cause for extradition, the court dismissed the fugitive charges.

On July 9, 1994, Plaintiff states, he moved to Mississippi.  He alleges that he was gainfully employed at one stable there for 8 years and had only 2 addresses over a 10 ½ year period.  Most importantly, he lived a crime-free life and did not attempt to flee.  It was not until July 28, 2002, 10 years after his first arrest as a fugitive, that Plaintiff was again arrested on a fugitive warrant, again while in Huntsville, Tennessee.  This time he was quickly extradited to Kentucky, on August 2, 2002.

Lewis began serving the rest of the robbery sentence, and he was still serving it while challenging several of the convictions.  Plaintiff's litigation included moving for dismissal in No. 89-CR-096, and on July 30, 2003, the Harlan Circuit Court dismissed these charges.  Another attack was evidently with regard to his robbery conviction and/or sentence, as he states that on March 18, 2004, the Supreme Court of Kentucky issued an Opinion wherein it "specifically directed the plaintiff as to the actions he must take in order to obtain the relief requested."

Plaintiff initiated a habeas proceeding in the Oldham, Kentucky, Circuit Court, to invalidate the time from August 1, 2002 - November 7, 2005, when he was incarcerated past the expiration date

---

[1] Ironically, Lewis writes, the robbery conviction and sentence in -073 was affirmed only days after his release, although he allegedly did not know that until 10 years later.

4

of the robbery sentence. According to Lewis, at a hearing in that case, a correctional official named Gary Gill testified that the Plaintiff had told him at the time that releasing him was a mistake. On November 4, 2005, the parties allegedly agreed that negligence had occurred, and the "Oldham Circuit Court issued an Order Sustaining the Writ of habeas Corpus, commanding the Kentucky Department of Corrections to release the Plaintiff immediately from its custody."

Once free, Plaintiff began a series of lawsuits about these and related events, six having reached the Supreme Court of Kentucky to date. One of these endeavors began with a claim for damages from the Board of Claims, Action No. BC-06-0456, wherein Lewis evidently named the State and several State agencies as committing negligence with regard to the illegal imprisonment. By November 16, 2006, the claims originating in the Board of Claims had been denied and reconsideration had also been rejected. Lewis appealed, first to the circuit court and then to the Kentucky Court of Appeals, No 2007-CA-000414-MR (unpublished), but he was denied relief. In 2008-SC-000066-D, on November 19, 2008, the State Supreme Court denied discretionary review.

On January 13, 2009, Lewis filed the instant action, claiming, *inter alia*, that his initial release in 1992 may have been negligence, but the State's failure to correct the error "until ten and one half years after learning of the mistake was gross negligence and a violation of due process of law," as he was wrongfully deprived of his liberty and consortium with his son as a result thereof.

### DISCUSSION

Plaintiff has not attached copies of any decision from the State courts or the Board of Claims. He does set out the claims which he made in several of the State cases, including the one which started in the Board of Claims, but his own allegations reveal fatal infirmities in the instant cause of action.

5

First, under well-established federal law, the district courts must look to the State's law for the statute of limitations in civil rights cases. *See Wilson v. Garcia*, 471 U.S. 261 (1985). In Kentucky, the statute of limitations which this Court must apply for civil rights actions arising in Kentucky is one year. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (§ 1983 actions in Kentucky are limited by the one-year statute of limitations found in § 413.140(1)(a)); *see also University of Kentucky Bd. of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989), *cert. denied*, 497 U.S. 1025 (1989) and 498 U.S. 938 (1990).

To the extent that Lewis is claiming that his civil rights were violated by the time wrongly spent in the custody of the KDOC, he has come to Court too late. Under his own allegations, the State court issued an Order granting him a Writ of Habeas Corpus and immediately freeing him from his incarceration, in November of 2005. Yet the Complaint herein was not filed within one year of that date. The instant action was not filed until more than 3 years later, in 2009. Therefore, Plaintiff's civil rights claims were already barred by Kentucky's one-year statute of limitations at the time they were filed in this Court, and they must be dismissed on this basis.

Even if the claims been timely, however, there is another glaring problem with the instant action. On pages 33 - 34, Plaintiff sets out the arguments on which he relied – and lost – in the State appeals courts, including Constitutional claims of deprivation of "procedural and substantive due process . . . fundamental fairness . . . equal protection . . . right to counsel . . . ." Record No. 1. After losing on these claims in the State courts, he has come to this Court with the exact same claims.

Lewis is advised that this Court is not a back-up opportunity to obtain what the State court

denied him. "The Supreme Court has held that 'under our system, the States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause' . . . [a]ccordingly, 'state courts have inherent authority, and are presumptively competent, to adjudicate claims arising under the law of the United States.'" *Holmes Financial Associates v. Resolution Trust Corp.*, 33 F.3d 561, 564 (6th Cir. 1994) (quoting *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990)). Plaintiff made his choice to file constitutional claims pursuant to 42 U.S.C. § 1983 in the Kentucky courts. He must now live with the result obtained there.

In fact, Plaintiff is informed, there is a legal doctrine which prevents a federal court from exercising jurisdiction over claims alleging that a state court made an erroneous decision. The *Rooker-Feldman* doctrine, "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

Under the *Rooker-Feldman* doctrine, a federal district court is without jurisdiction to consider an appeal of a previously state-court-decided issue. As the instant Plaintiff seeks for this federal district court to consider claims already made in his state court proceedings, his claims are barred by the *Rooker-Feldman* doctrine. *Dosher v. Menifee Circuit Court*, 75 Fed.Appx. 996, 2003 WL 22220534 (6th Cir. (Ky.)) (unpublished); *Evans v. Franklin County Court of Common Pleas, Division of Domestic Relations*, 66 Fed.Appx. 586, 2003 WL 21259704 (6th Cir. (Ohio)) (unpublished); *Partridge v. Ohio*, 79 Fed.Appx. 844, 2003 WL 22474620 (6th Cir. (Ohio)) (unpublished); *Evans v.*

*Klaeger*, 12 Fed.Appx. 326, 2001 WL 700825 (6th Cir. (Ohio)) (unpublished); *Evans v. Yarbrough*, 238 F.3d 420, 2000 WL 1871706 (6th Cir. (Ohio)) (unpublished); *Hyland v. Porter*, 145 F.3d 1331, 1998 WL 152938 (6th Cir. (Mich.)) (unpublished). *See also Creusere v. Weaver*, 2009 WL 170667 (6th Cir. 2009) (slip op.) (discussing issue and claim preclusion).

Finally, with regard to the purported state claims herein, the Court advises Plaintiff that the federal courts have discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as § 1983 actions. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). However, when federal claims against the Defendants should be dismissed, then the pendent state claims will be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt, et al.*, 24 F.3d 781 (6th Cir. 1994). Therefore, the Plaintiff's enumerated state claims will be dismissed also.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1)  The Plaintiff's Motion to Proceed *in forma pauperis* [Record No. 5] is **GRANTED**;

(2)  this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

Dated this 19th day of February, 2009.



Signed By:
*Karen K. Caldwell*
**United States District Judge**